By the Court.—Curtis, J.
Although, on the trial, this stairway was described as a well-hole by one of the witnesses, and spoken of as a hatchway, yet when covered with a trap-door such description cannot be considered as technically correct. The evidence in the case fails to show any defect or negligence in its construction, or that when properly used it does not suffice to protect persons having occasion to use the hallway, and to be all that reasonable care and prudence can suggest.
The carelessness and negligence of tenants may convert almost any part or fixture of a building into a source of damage or injury to some one. It is difficult to conceive of means that will prevent the consequences of their leaving doors open, or gas or water flowing in premises that may be occupied by them ; but for their negligent acts in these respects the law holds them responsible.
In the present case there is no evidence that the defendant, who occupied a part of the building, or any tenant of his, left the trap-door open. They are each liable for their respective negligence, and there can be no presumption of negligence against any particular occupant (Moore v. Goedel, 34 N. Y. R. 537). The testimony fails entirely to show who left the trap-door open, or that the defendant allowed it to be open. It does not appear that it was constructed without proper care, or that its careful use would be productive of injury to any *350 one. Such being .the case, it would be unjust to hold the owner of the premises responsible for the negligent use of it. He discharged his duty to his tenants and their visitors when he made this provision for their protection, which was safe unless carelessly used, and he is not hound to protect them from the consequences of their careless acts in the course of occupancy. It being entirely clear that it was safe if used with care, and there being no proof that the defendant left it open, or caused or allowed it to be left open, the court properly dismissed the complaint.
The case of Robbins v. Mount (4 Robt. 565, 566), is directly in point» and the court there held precisely this view in respect to the liability of the owners of premises for the negligence of their tenants.
The exceptions to the decision of the court, dismissing the complaint, are overruled, and judgment is ordered for the defendant on the verdict, with costs.